In the Matter of the Application of PETER MAPAKARAKES, for an Order Directing the Property Clerk of the City of New York to Turn over Certain Property to Him.

Supreme Court, Special Term, New York County, November 14, 1938.

*Haskel & Goldberg*, for the petitioner.

*William C. Chanler*, Corporation Counsel [*George J. Conway* of counsel], for the City of New York.

PECORA, J. This is one of a series of five motions made to compel the property clerk of the police department of the city of New York to turn over certain apparatus commonly known as pin ball or bagatelle game machines. The facts in all the motions are substantially the same.

Petitioner was arrested and charged with a violation of section 982 of the Penal Law. Upon a hearing in the Magistrates' Court, the arresting officer testified that he had gone to the petitioner's place of business and there played a pin ball or bagatelle game. Further, that he had agreed with petitioner that if a certain score was made in the game, the player was to receive a stipulated sum of money. The officer was unable to attain the score required, but nevertheless arrested the petitioner and seized the machine. After hearing the testimony, the magistrate discharged the defendant, who now in this proceeding seeks to obtain a return of the machine.

Certain principles regarding the operation of these pin ball machines seem to be established. Primarily, they are not *ipso facto* illegal gambling devices under article 88 of the Penal Law. " There is nothing unlawful in the operation of the machines, if no prizes are given and only amusement is the object sought  *  *  *. Once the betting is shown, then the crime is committed and the device becomes a public nuisance under section 972." (*Times Amusement Corp.* v. *Moss*, 160 Misc. 930, 937; affd., 247 App. Div. 771. See, also, *People* v. *Mills*, 160 Misc. 730.) Nevertheless, they fall within the category of slot machines by virtue of the manner of their operation and the definite element of chance involved in playing them. (*Times Amusement Corp.* v. *Moss, supra;* Penal Law, § 982.)

Furthermore, as pointed out in the affidavit of the police commissioner, submitted in opposition to this application, the wide distribution of these machines has made them available for play by children of school age with resulting disheartening effects upon their moral fibre. They not only gamble away their money, but are thus tempted to seek illegal means to replenish the lost funds. Moreover, Commissioner Valentine asserts that the lucrative nature of the business has attracted racketeers, who employ all of the undesirable tactics expected of them in " placing " machines and in avoiding competition. Consequently, courts should be loath to assist, directly or indirectly, in lending any aid to the continuance of the business, with due regard, however, to the rights of innocent persons.

The petitioner was discharged by the magistrate upon evidence which indicated that an agreement had been made to give a prize with reference to the operation of the pin ball machine. The cor-

poration counsel states that no appellate court has rendered any decision on the proposition as to whether an agreement without payment after a play is or is not in violation of section 982. The ultimate decision of this motion does not require that I pass upon this moot question. However, my examination of section 982, giving consideration to its development and amendment, leads me to the conclusion that an agreement such as was shown herein would constitute a violation of the section, even though after playing the machine the score agreed upon had not been attained.

The question before me is whether, there having been a discharge by the magistrate, I should compel the return of the machine. Section 984 of the Penal Law provides: " The magistrate before whom any machine, apparatus or device is brought pursuant to the last section [which deals with the seizure of slot machines] must, if there be a prisoner, and if he shall hold such prisoner, cause the machine, apparatus or device to be delivered to the district attorney of the county, to be used as evidence on the trial of the said prisoner. If there be no prisoner or *if the magistrate does not hold the prisoner, he must cause the immediate destruction of the machine, apparatus or device.*" It would seem from this language that all machines of the nature of the ones in question here would have to be automatically destroyed upon a discharge of a defendant. However, since pin ball machines are not *ipso facto* gambling machines, there should first be a determination as to whether they were being used as such. In *Kearney* v. *City of Elmira* (238 App. Div. 678) the court said: " A reading of these sections indicates that they relate to machines which are actual gambling devices, rather than those not used as gambling devices, but which are capable of being converted into such. If the machines were gambling devices then their possession was a misdemeanor and the statute authorizes their destruction; otherwise not."

Section 978 of the Penal Law provides for the destruction of gambling devices. Its language refers to all devices used in violation of article 88, the gambling article. The magistrate *must*, under its provisions, determine the character of the device and whether it was used in violation of the gambling article. If he finds it is such a device and that it was so used, he must order its destruction.

The papers here show that an attempt was made to obtain such a certificate from the magistrate in order that the machines might be returned, but that the magistrate refused to order their return unless the district attorney consented. The proper place to determine the character of the device and its illegal use is in the criminal courts in connection with the prosecution of the offender, and not upon summary application to this court. With all the

evidence before it, the court of criminal jurisdiction can make a determination based upon testimony and the physical˙ exhibits, and the law requires the magistrate to make it.

Another reason for refusing to entertain this motion in this court is that it cannot be said that the evidence upon which the magistrate refused to hold the defendant will not be presented to a grand jury for action. The charge being a misdemeanor, the magistrate has not summary jurisdiction over the matter and merely rules as to whether in his opinion a *prima facie* case has been made out in order to hold the defendant for Special Sessions.

The facts will determine the character of the device and its alleged use. Those facts should be determined by the criminal courts or in an action for replevin. It is, therefore, my opinion that the papers are defective in not having a decision by the magistrate as to the nature of the machines and their illegal use, and further that the most appropriate remedy is not by a summary application in this court upon affidavits, but by a plenary action. The motion is denied.