Commonwealth *v.* Mihalow, Appellant.

Argued October 10, 1940.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT,
JJ.

*Bernard R. Cohn,* with him *Benjamin Nieman,* for appellant.

*Irving W. Coleman,* Assistant District Attorney, with him *Henry K. VanSickle,* District Attorney, for appellee.

OPINION BY RHODES, J., December 11, 1940:

Defendant was charged with the violation of section 605 of The Penal Code, Act of June 24, 1939, P. L. 872, 18 PS §4605, which is a misdemeanor. The indictment contained three counts, and followed substantially the language of the act. The first count charged that the defendant, on the 26th day of April, 1940, in the City of Bethlehem, Northampton County, set up and established a game or device of address, or hazard, at which money or other valuable thing may or shall be played for, or staked or betted upon; the second count charged that defendant did, then and there, cause to be set up and established a game or device of address, or hazard, at which money or other valuable thing may or shall be played for, or staked or betted upon; and the third count of the indictment charged that the defendant did, then and there, procure, permit, and allow persons to

collect and assemble on his premises, for the purpose of playing at, and staking or betting upon a game or device of address, or hazard, for money or other valuable thing.

Defendant was tried and convicted on all three counts of the indictment. Defendant's motions for new trial and in arrest of judgment were refused, and sentence thereupon imposed. Defendant has now appealed.

The trial judge overruled defendant's demurrer to the evidence at the close of the Commonwealth's case; and at the termination of the trial the trial judge also refused defendant's request for binding instructions.

The only question which need be considered on this appeal is the sufficiency of the evidence to sustain the conviction.

Defendant was the proprietor and licensee of the "Fifth Ward Grill" in the City of Bethlehem. On the premises there was a certain machine, commonly known as a pin ball machine, in this particular instance a miniature bowling alley. The machine is operated by the player's inserting in a slot a five-cent piece which by electrical control sets up ten miniature pins. By the use of a plunger small steel balls are ejected, and by pressing a button the balls are released and go down a small board coming in contact with these pins. The ball is placed in front of a miniature hand which can be set at various angles by turning a knob on the machine. The player has five frames and gets two balls in each frame. If at the beginning of a frame the ball knocks down all the pins, the player can then use two additional balls. If on the second ball in a frame it knocks down the remaining pins, the player can use another additional ball. The score is automatically calculated as the game is played.

The machine was exhibited at the trial, and Commonwealth agrees that the machine in the instant case did not eject any coin or token or anything of value. But

the Commonwealth contends, in effect, that the score obtained on the machine is purely the result of chance; that the player can exercise no degree of skill in the operation and playing of the machine; and that therefore the machine is a gambling device. Commonwealth also contends that the machine was here used for gambling.

Commonwealth does not allege, nor was there any proof, that defendant wagered with any player on the result of playing the machine, or that defendant agreed with any player that if a certain score was made in the game the player was to receive a stipulated sum of money, or that the machine was used in connection with giving of prizes.

The evidence submitted by the Commonwealth established that two police officers, in uniform, on or about April 26, 1940, entered the premises of defendant during his absence, and without consulting anyone and without the knowledge or consent of the defendant, who was not present, agreed to play a game on the machine, and if a 100-point score was not made by one of them the player would give the other 10 cents, and if the player succeeded in making that score he was to receive 10 cents from the nonplaying officer. The wager was placed on top the glass of the machine, being in full view while the game was being played. One hundred points apparently not having been made, the one officer paid the other 10 cents.

The testimony of the police officers as to whether defendant entered the room while the game was being played is contradictory, but all agree that defendant was not present when play was begun and the bet made. The officer who became the prosecutor in this case also testified very definitely that it was not until the game or play was completed that they told defendant they were betting on the outcome, and that defendant was then advised they were gambling on the machine, and that they were going to take it out because they had

been gambling on it. This officer, as a witness for the Commonwealth, further testified: "A. We went up there [defendant's place of business] to see if we could gamble on the machine. We made a bet and laid the money on top of the machine and played for it." The same witness testified that there was a sign conspicuously posted near the machine, which they observed before they made their bet and started to play. This sign was as follows:

"NO $\left\{\begin{array}{l}\text{Awards} \\ \text{Prizes} \\ \text{Gambling}\end{array}\right.$

FOR AMUSEMENT ONLY"

There was no evidence, in our judgment, that would sustain defendant's conviction on any one of the counts in the indictment. This was not a gambling device as in *Mills Novelty Company's Appeal*, 316 Pa. 449, 175 A. 548. The prosecuting officer expressed the opinion that the game which he played on the machine was a game of chance, and that there was nothing skillful about it. His opinion is without any supporting basis. On the other hand, an expert was called by the defense, who demonstrated the machine, and testified that it provided a game of skill. However, a device is not necessarily a gambling device though the element of chance is contained in it. The machine in the instant case did not provide a combination of chance and value. The evidence does not disclose anything illegal in the machine itself, or anything unlawful in the operation of the machine if used for innocent amusement and recreation. However, on the outcome of its operation bets could be placed just as a wager could be made on the result of a game of billiards. Section 605, supra, 18 PS §4605, contains the following provision: "This section shall not be construed to apply to games of recreation and exercise, such as billiards, bagatelle, ten pins,

438

etc., where no betting is allowed." We think that, under the evidence in this case, this machine is lacking in the essential elements necessary to make it a gambling device or a gambling machine. Certainly there is no element of gain or loss, financial or otherwise, involved in its operation; and in the absence of betting or the offering of prizes or money on the result there appears to be no violation of the law in its use. See *Times Amusement Corp. v. Moss,* 160 Misc. 930, 931, 290 N. Y. S. 794, 802, affirmed 247 App. Div. 771, 287 N. Y. S. 327; In re *Mapakarakes,* 169 Misc. 766, 8 N. Y. S. 2d 826; *Davies, Sheriff, et al. v. Mills Novelty Co.,* 70 F. 2d 424, 426.

The propriety of allowing these machines, and those of a similar nature, to be installed as they are in many places in the Commonwealth is not for us to decide. It is obvious that their use may be abused, and their wide distribution may be deplored. The business of distribution may produce undesirable results, and be tinged with questionable motives. It may be that they are operated by some for illegal purposes, but the prevention of such conditions is not within the power of the judiciary. Many things made for proper and legitimate purposes may be used for gambling, but what may be used as the subject of a bet is not ipso facto illegal or a gambling device. A horse race is not a gambling device, nor is a game of golf, nor a game of baseball, nor a game of billiards; but betting on them is gambling. To say that this machine does not have any element of chance is to shut our eyes to the obvious; but in many games which are recognized as games of skill there is present some element of chance, and in many games of chance there is often present an element of skill. "A 'device or apparatus for gambling' is a device or apparatus designed for carrying on the actual gambling—for determining whether the player is to win or lose, like the wheel of fortune ...... and contrivances of that sort": *People v. Engeman,* 129 App.

Div. 462, 463, 114 N. Y. S. 174, 177, affirmed 195 N. Y. 591, 89 N. E. 1107. In *American Telephone & Telegraph Company's Appeal*, 126 Pa. Superior Ct. 533, 537, 191 A. 210, we said that gambling devices are limited and restricted to such devices, apparatus, etc., as are used and employed for gambling, in the sense that in using them money, etc., is staked, wagered, won, or lost as a direct result of their employment or operation. But a machine upon which games are played for amusement, although involving an element of chance, is not ipso facto a gambling device or a gambling machine. See In re *Mapakarakes*, supra; *People v. One Slot Machine in Parkside Recreation Parlor*, 303 Ill. App. 337, 25 N. E. 2d 139; *Com. v. Kling*, 140 Pa. Superior Ct. 68, 13 A. 2d 104.

The burden was on the Commonwealth to establish defendant's guilt by proof that measures up to the legal requirements. "In a criminal case the proofs relied upon must show beyond a reasonable doubt that the offense alleged was in fact committed and that the person indicted took part in its commission; the defendant is presumed to be innocent until the contrary is shown": *Commonwealth v. Middleton*, 134 Pa. Superior Ct. 573, at page 578, 4 A. 2d 533, at page 535. The evidence conclusively establishes that defendant had no knowledge that a wager was to be made by the police officers in his place of business. The witnesses for the Commonwealth testified that defendant was not present when they came in for the purpose of gambling on defendant's machine; that he was not present when the bet was made between them. In no way does the evidence sustain the charge in the third count of the indictment that defendant procured, permitted, and allowed persons to collect and assemble on his premises, for the purpose of playing at, and staking or betting upon a game or device of address, or hazard, for money or other valuable thing. The conduct of the police officers was contrary to the posted notice which osten-

sibly forbid what the police officers came into defendant's place of business to do, and which they did after observing the posted notice. This notice may have been merely a smoke screen, but conjecture does not suffice for proof. There is no dispute that this bet was made entirely without the knowledge or consent of the defendant, or of any one in charge of his place of business. Nor do the facts warrant an inference that defendant acquiesced in the action of the police officers. As the evidence does not disclose any of the essential facts necessary to sustain the charges in the indictment, it follows that the evidence was not sufficient to convict on any of the counts. The proofs go no further than that the police officers came into defendant's place of business with the intention of gambling on the machine; that they bet with each other on the result of their operation of the machine; that this was done in the absence of defendant, contrary to his express prohibition, and without his knowledge or permission, and without the knowledge or permission of any one acting for him. Defendant's guilt was not established by proof of the motives of the police officers. "The motives of an occasional customer do not determine the character of a man's business": *Johnston v. Commonwealth*, 22 Pa. 102, at page 112. In our judgment the possession of the machine in question by defendant was not forbidden or illegal. In the absence of evidence connecting defendant with the gambling by the police officers there is no basis upon which his conviction could be sustained. If defendant permitted persons to assemble on his premises for the purpose of gambling on this machine, or knowingly allowed them to use the machine for such purpose, it would be an entirely different matter, but the Commonwealth failed to establish such facts.

In view of our conclusion it is unnecessary to discuss that part of defendant's argument which relates to the

method employed by the police officers to secure evidence against defendant.

Defendant's demurrer should have been sustained, or the trial judge should have directed the jury to find defendant not guilty.

Judgment is reversed, and defendant is discharged without day.