## Sternfeld's Appeal

*Arnold M. Blumberg*, for appellant.

*J. Myron Shimer*, for Pennsylvania Liquor Control Board.

CRUMLISH, J., July 18, 1941.—This is an appeal from the order of the Pennsylvania Liquor Control Board revoking the restaurant liquor license granted to Harry Sternfeld, trading as the Merry-Go-Round Café.

We have carefully examined and compared the evidence adduced before the board in our review of the evidence before us and find that such comparison discloses a conflict therein; and further that the evidence is subject to more than one interpretation. See Mami's Liquor License Case, 144 Pa. Superior Ct. 285 (1941).

The findings of fact of the board on which it bases its order are as follows:

"1. The licensee furnished malt or brewed beverages to minor.

"2. The licensee permitted prostitutes to frequent the licensed premises.

"3. The licensee permitted prostitutes to solicit patrons on the licensed premises for immoral purposes.

"4. The licensee sold liquor and malt or brewed beverages to intoxicated persons."

As to the complaint that malt or brewed beverages were furnished to minors, the board relies upon the testimony of Anna Keating and Rita Dugan. The former testified that she was born September 30, 1925, and that on April 6, 1940, together with her girl friend, Rita Dugan, she met three boys named Louis Perri, Fred Eissey, and John Albano on one of the local street corners and went with them in an automobile to the Merry-Go-Round Café. As a party they occupied a booth on the main floor in the back room of the licensed premises and while there "three beers" were ordered by the young men and served by a waitress. This was the first and only time she was ever in the place and she remained there about a half hour. She testified that the waitress did not ask her age, and also that she did not see Sternfeld on the premises.

Rita Dugan testified that she was born August 27, 1924; that she accompanied the Keating girl on this occasion; that the boys ordered and the waitress served her one or two small beers.

Sternfeld, the licensee, testified that he did not see these two girls at his place of business on April 6, 1940, and furthermore that his instructions to his waitresses and bartenders were not to serve minors.

Irene Kasienski, waitress, testified that she was on duty on the licensed premises at the time when the girls alleged that beer was served to them and when asked if she could recall the Keating and Dugan girls, who had been on the stand before her, answered:

"A. If that's the two girls that have been in there, I never seen them before."

She further testified:

"Q. You say you have no recollection of seeing these girls?
A. No.
Q. Do you serve minors?
A. No.

Q. Do you have instructions from your employer in connection with the sale to minors?

A. I do.

Q. What kind of instructions?

A. He told me if I ever had any doubt of a girl or anybody in the place who looked under age, I would call him, and he would talk to them and see if they were under age, and tell us not to serve them."

As to the second and third complaints, which may be grouped together, that the licensee permitted prostitutes to frequent the licensed premises and to solicit patrons thereof for immoral purposes, the board relies upon the testimony of Patrolmen James Maloney and William Maloney, and Detective McCarthy, who testified as to solicitation with knowledge of licensee's bartender made upon the premises on September 28, 1940. Patrolman James Maloney and Detective McCarthy testified on cross-examination that the licensee was not present on any of these occasions.

Licensee testified that he had no personal knowledge of the solicitations and that he had not seen the women referred to in the testimony upon his premises.

As these three complaints raise the same question, they may be considered together. The question may be stated as follows: May a restaurant liquor license be revoked for violation of the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, 47 PS §744, when such violation was committed on the licensed premises by an employe of the licensee, and the licensee testifies that the unlawful act was without his knowledge and contrary to his instructions; and there is no proof before the court that the licensee was then present or that such act of his employe was repetitious?

In Pejnovic's License, 22 D. & C. 665 (1934), the evidence was that the licensee's employe *had been convicted* for selling malt liquor to two minors. In holding that the restaurant liquor license will not be revoked solely upon the ground that an employe of the licensee

on one occasion sold malt liquor to two minors in the licensee's absence and without his knowledge, where the licensee testifies that he gave positive instructions that no liquor was to be sold to persons under 21 years of age, Hargest, P. J., said:

"There is no evidence whatever of any misrepresentation in this case. The only evidence of selling liquor to minors is that a young boy and girl were furnished beer by Tony Ivanoff. These are the same witnesses upon which the Commonwealth based its case against Tony Ivanoff. There is not a suggestion anywhere in the testimony that the licensee ever knew of the furnishing of beer to these witnesses, or any other minors, or that he was present at any time when these minors were in the licensed place, and the licensee testified that he gave positive instructions that liquor was not to be sold to persons under 21 years of age." See also Neptune Club's Liquor License Case, 124 Pa. Superior Ct. 549 (1937). In Young Men's Republican Club of the 15th Ward Liquor License Case, 125 Pa. Superior Ct. 486 (1937), James, J., in holding that the illegal acts of an employe unknown to the employer are not grounds for revocation of a liquor license, said (p. 493):

"Had these orders been carried out, the Regulations of the Liquor Control Board would have been fulfilled in letter if not in spirit. It may be noted there was no evidence that the officers of the Club knew of the visits of non-members who had obtained admission by the informality of presenting a card to the master of ceremonies. *It has been held that the illegal acts of an employee unknown to the employer are not grounds for revocation of a liquor license. Pejnovic's License, 22 D. & C. 665. We are, therefore, of the opinion that the license applied for should not be refused on this phase of the evidence.*" (Italics supplied.)

In Commonwealth v. Mihalow, 142 Pa. Superior Ct. 433 (1940), defendant had been convicted and sentenced on an indictment charging him in various

counts with setting up and establishing a gambling device or a gambling machine, commonly known as a pinball machine. From the evidence, it appeared that police officers had gone into defendant's place of business with the intention of gambling on the machine; that they had bet with each other on the result of the operation of the machine and that this was done in the absence of defendant, and without the knowledge or permission of defendant, or anyone acting for him. In holding that such evidence was insufficient to sustain his conviction, Rhodes, J., held (p. 440):

"Defendant's guilt was not established by proof of the motives of the police officers. 'The motives of an occasional customer do not determine the character of a man's business': *Johnston v. Commonwealth*, 22 Pa. 102, at page 112. In our judgment the possession of the machine in question by defendant was not forbidden or illegal. In the absence of evidence connecting defendant with the gambling by the police officers there is no basis upon which his conviction could be sustained. If defendant permitted persons to assemble on his premises for the purpose of gambling on this machine, or knowingly allowed them to use the machine for such purpose, it would be an entirely different matter, but the Commonwealth failed to establish such facts."

In Easton's Liquor License Case, 142 Pa. Superior Ct. 49 (1940), it was held error to assume that (p. 50) ". . . a license may not be legally revoked for violations of our liquor laws by bartenders and waitresses employed by the licensee, except upon direct evidence of knowledge upon his part of the violations." However, it was there pointed out that the violations (p. 51) ". . . were not isolated and excusable transactions but that they constituted a regular course of conduct on the part of those in charge of the premises." Moreover, there was positive evidence that the licensee was present upon, at least, one occasion when such sales were made.

Reasoning from the foregoing authorities, we reach the conclusion that the evidence before us was not sufficient to sustain the complaints against the licensee, and in the words of James, J., in the case of Young Men's Republican Club of the 15th Ward Liquor License Case, supra, p. 493, ". . . the license applied for should not be refused on this phase of the evidence".

As to the fourth and final finding of fact, "The licensee sold liquor and malt or brewed beverages to intoxicated persons", we are impressed with the evidence before us, to wit, the record of this court, November sessions, 1940, no. 297, Commonwealth v. Harry Sternfeld and William Grammell, charging them with "unlawfully selling and furnishing, etc., liquor to persons visibly intoxicated." In this case it appears that defendants on March 5, 1940, entered a plea of "not guilty" and waived a jury trial, whereupon the trial judge rendered a verdict of "not guilty" as to each defendant. While we are not bound by the record in this case, nevertheless, when considered together with the other evidence on the subject of the said complaint, we find that it carries great weight. Accordingly, we conclude that the evidence offered in support of this complaint is insufficient.

The record before us discloses that the licensee has been in continuous operation of the licensed premises since 1934 and the citation issued in the instant case is the first to emanate from the board during such period. Except for one arrest, which resulted in an acquittal, and which was here considered, the licensee has never been in conflict with the law.

After a careful consideration of the matter, we sustain the appeal and order that a restaurant liquor license be granted to the applicant, Harry Sternfeld, trading as "Merry-Go-Round Café", 941 Race Street, Philadelphia.