Commonwealth, Appellant, *v.* Stark.

Argued March 14, 1949. Before HIRT, RENO, DITH-RICH, ARNOLD and FINE, JJ. (RHODES, P. J. and ROSS, J., absent).

*E. Leroy Keen,* Assistant District Attorney, with him *Carl B. Shelley,* District Attorney, for appellant.

*Thomas D. Caldwell,* with him *Caldwell, Fox & Stoner,* for appellee.

PER CURIAM, March 25, 1949:

The defendant was charged with setting up a gaming device in his store in Harrisburg, in violation of section 605 of The Penal Code of June 24, 1939, P. L. 872, 18 PS 4605. At the trial the court sustained a demurrer to the evidence and discharged the defendant. The Commonwealth has appealed.

The device in question is a miniature traveling crane of the so-called "claw" type. On the floor of the case which encloses it there are a number of metal objects of various kinds and shapes. After inserting a coin, an operator of the device can direct the movement of the crane by means of two levers. By proper manipulation the crane arm can be dropped upon any object on the floor of the case. An object successfully gripped by the

"claw" of the crane arm is lifted automatically and carried to and dropped into a trough or well, out of play, on the bottom of the machine, from which it can be removed only by unlocking a panel closing that part of the machine. In operation, no coin, token, or thing of value, is ejected from the machine, and any article grasped by the crane and dropped into the well of the machine cannot be removed by the player unless he has a key to the lock securing the panel. The device in question is an attractive plaything, challenging, to some extent at least, the skill of a player and may be set up for profit without violating any law. And in this case there is no evidence that the machine was used for gambling or that a player received anything other than recreation and amusement in operating it.

Penal laws must be strictly construed. And the propriety of the holding of the court in this instance is ruled by principles to which we referred in *Wigton's Return*, 151 Pa. Superior Ct. 337, 30 A. 2d 352 and *Commonwealth v. Mihalow*, 142 Pa. Superior Ct. 433, 16 A. 2d 656.

There should however be no doubt as to the scope of our decision in this case. It is not to be construed as giving the stamp of legality to this type of mechanical device under all circumstances. The fact that the machine is equipped with a glass panel, rather than one of metal covering the well into which an object is dropped, in a successful operation, suggests a method by which the device may be used in violation of the Penal Code. And the notice posted on the machine that "if used for wagering or gambling it will be removed by the distributor" is an admission that it is not wholly unadapted to unlawful uses in the hands of one inclined to operate it for gaming purposes. All that we are deciding is that the device was not so used in this instance.

Judgment affirmed.