Commonwealth *v*. Pollock, Appellant.

Argued April 9, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*A. E. Rosenfield,* with him *Albert E. Leven,* for appellant.

*William S. Rahauser,* for appellee.

*Alvin J. Ludwig,* for intervenor, appellee.

OPINION BY HIRT, J., July 19, 1951:

The defendant as managing operator of a service station in Scott Township, Allegheny County, sold Spur gasoline in addition, we assume, to other petroleum products. On the premises he displayed a sign, attached to a pole some distance above the ground, advertising the current selling price of gasoline. At the top of the sign appeared the words: "Spur Regular First Grade". Running across the bottom of the sign there were three figures in sequence with appropriate captions, as follows: "Gas 19 9/10"; "State Tax 5¢"; "Total 24 9/10". The captions and the figures indicating the price of the gasoline (which included the Federal tax), and the amount of the State tax all appeared on the sign in letters 3⅝ inches high. In the center of the sign the total price of the gasoline including State and Federal taxes, viz. 24 9/10, appeared in bold figures 21¾ inches in height.

In a summary proceeding this defendant was convicted of a violation of the Act of June 1, 1931, P. L. 299, as amended, 72 PS §2611y providing for and regulating the manner of stating the State tax rate, sep-

arate from the selling price of gasoline, on signs displayed by dispensers of liquid fuel at retail. The magistrate found the defendant guilty and sentenced him to pay a fine of $25 and costs. On appeal the County Court affirmed the conviction and imposed the same penalty. In so doing the lower court, by construction, extended the prohibition of the Act beyond its clear terms. The conviction will be set aside.

Section 1 of the Act as amended, provides: "Every person, copartnership, association or corporation engaged in the retail sale of liquid fuels, as defined by law for purposes of taxation, shall state the rate of the liquid fuels tax, per gallon, separately from the price of such liquid fuels, per gallon, on all liquid fuel price display signs. The price of liquid fuel and tax rate shall be stated in the same size on such signs in letters and figures not less than two inches in height and in such manner that purchasers may readily see the same. The Department of Revenue is hereby authorized to make regulations for the enforcement of this act".

On the display sign in question defendant complied with the Act as to the manner of stating the amount of the State liquid fuels tax and the price of the gasoline per gallon, exclusive of that tax. And in so doing he also observed the mandate of the Act as to the size of the letters and figures on the sign. Under the Act the erection of a display sign is optional with a dealer. And §98 of the regulations, promulgated by the Department of Revenue, on authority contained in the Act, specifically provides that "retail sellers of gasoline are not compelled by law to display any price sign." But as to any sign displayed by a dealer, the Act, in the public interest, prohibits the posting of the basic retail price of gasoline exclusive of tax, without an accompanying statement of the amount of the State tax thereon, payable by the purchaser.

The Act is in the nature of a criminal statute and therefore must be strictly construed. *Commonwealth v. Stark,* 164 Pa. Superior Ct. 375, 64 A. 2d 853. The words of the law are clear and free from all ambiguity and the letter of it may not be disregarded under the pretext of pursuing its spirit. Statutory Construction Act of May 28, 1937, P. L. 1019, Art. IV, §51, 46 PS §551. In our view the additional statement of the total price per gallon in large figures including the State tax, on the display sign here involved, does not violate any mandate of the Act. This construction of the Act is consistent with Specification A of section 98 of the regulations adopted by the Department of Revenue for the enforcement of the Act pursuant to section 1 thereof, supra. The sign complies with the first of two methods there prescribed by the Department in this language: "The sign shall consist of two figures and their preceding captions. One figure shall indicate the price per gallon of the liquid fuels. This figure shall not include the State tax, but shall include the Federal tax. The other figure shall indicate the State tax per gallon. The foregoing two figures and the letters preceding them shall all be the same size, and not less than two inches in height". The regulations in §102 further provide: "If the foregoing requirements are observed, a dealer may, in addition thereto, show a total price per gallon including all taxes, . ." This provision is sufficient authority, if indeed such be necessary under the Act, for the display of the total cost of a gallon of gasoline including all taxes, without limitation on the size of the figures and without relation to the recitals on the display sign as to other information in the form required by the Act.

Judgment and sentence reversed.